On the Merits.
The present action is brought to recover damages for an injury to plaintiff, inflicted by the cars in the use of the defendant company and resulting in permanent injury to his right hand and arm.
The facts are substantially:
The plaintiff was in the employ of the defendant company, which owns and operates a railroad a distance of eighteen miles, from Gibbs to Homer.
It received its cars from the Vicksburg, Shreveport & Pacific R. R. Co., and made up its trains on the latter’s side track.
At the Gibbsland junction the two companies had the same depot agent and freight clerk, who had control of the switches, side tracks,, freight cars and freight of both companies.
The employés in the movement and transfer of freight and cars, were under the authority of this agent.
The trains of the company were under the control of the conductor.
On the 8th day of October, 1888, the plaintiff attempted to couple-two cars.
The drawhead of one of the approaching cars being out of repair and forced under the car, in attempting to direct the link into the drawhead of the stationary car, his hand was caught between the-bumpers and severely injured.
He was employed as locomotive engineer in the service of the defendant.
The road having been lately constructed and being a short roady owned by a company recently organized, the number of employés; was limited, and at times an officer or hand was called upofi to do-other work than that belonging to his charge.
The conductor testifies that on the morning the accident occurred,, being sick, he asked the plaintiff to make up the train for him.
This request, direction or order, as the case may have been, was; complied with. There was a brakeman, but no inspector of cars.-
*988 It is not an easy matter to determine what were the duties expected of the officers of this road.
The superintendent at times acted as conductor; the engineer as brakeman, the fireman as engineer, and the conductor frequently performed that duty. It was often unavoidable.
Immediately after the plaintiff had assumed the duties of the 'conductor he attempted to make the coupling, and met with the distressing and painful accident for which damages are sued.
In the haste of the moment, when there was but an instant for thought, seeing that the draw head had been forced under the car, he attempted to pull it to its proper place.
The spiral spring being broken, the drawhead was heavy; it had no elasticity, and could not in an instant be drawn out.
If the spring had not been out of repair it would ha^e been possible tbc pull it out and complete the coupling and avoid the accident. The ibrakeman, evidently not a man to arrest attention, said, to the plaintiff, just previous to the accident, that he had attempted to .make the coupling, but had failed.
'The plaintiff directed him to get on the roof of the car and loosen the brakes.
It is-not stated that the brakeman informed the temporary conductor that the drawhead was out of repair.
.He had failed, that .was all.
Not knowing of the broken spring, the conductor hastily advanced .between the cars. There was a possibility of his being crushed to ■death if the drawhead continued ineffective.
These cars, in coupling, may telescope or collide without check by the buffers, if it happens on account of the inequality in the height of the car that one buffer is above the other. It became necessary to act at once in coupling. It is admitted by the defendant that the ■appliance was defective, that is, that the drawhead of one of the cars ’was “ crippled.”
It only remains to ascertain whether or not the plaintiff was guilty ■of contributory negligence.
He only complied with the directions of those superior in authority to him. The superintendent said to him that he must obey the (.orders of the conductor. The latter directed him to take charge.
*989 This order he complied with. The conductor says it was a request. A request from one superior in authority is equal to a command.
When the plaintiff assumed charge he was pressed for time. The-hour for leaving, as fixed by the time table, was approaching, and. there was barely time to make up the train for the departure. That there was haste is evident, but it does not appear that there was imprudent haste.
The defendant company had a time table. On short notice the employés were expected to have everything in readiness to leave, in accordance with the time fixed.
The employé naturally hastened in his work, thinking that the appliances were in order. If they were not, his knowledge will not be presumed..
The defendant company should have had an inspector, or, at any rate, some one in charge to prevent the imposition of defective cara upon employés. Pierce on R. R. 872'.
This duty of inspecting the cars having been overlooked or neglected, it can not be presumed that the plaintiff was aware of the-, defect.
The employés were required to run these cars on time and satisfactorily. The employer is responsible to them for damages resulting-from defect. 37 An. 634, 653; 41 An. 964.
The superintendent testifies that he notified the plaintiff, if it. came within his knowledge or notice that any defective cars were.being put in his train, not to take them.
He also states “that it was part of the duty of the conductor, by his special instructions, to -inspect all cars on the road.”
As to the first part (of these instructions) he was to act in case it came to his knowledge or notice.
There is no evidence showing that he ever had such knowledge or-notice. As to the second, he was not the conductor, except temporarily on the day of the accident.
This defective car was received from another company and' placed for use before he became temporary conductor. He can not be held responsible for acts of others of which it is not shown that he had any notice.
Having concluded that the plaintiff is not guilty of contributory-negligence, we now have to fix the amount of damages.
*990 We can not agree with the jury in this case.
The usefulness of plaintiff’s hand is not entii’ely impaired.
His suffering has been great; nevertheless justice requires where the negligence of the company has not been wanton and malicious, that damages allowed be within reasonable limits. Plaintiff is 43 years of age. His salary at the time he was wounded was $60 a month. It is not probable that it would have increased much. His hand and arm are not completely disabled, although badly injured. He has had charge of an engine since the injury with aid furnished him for the heavy work. The defendant company has been organised not long since, evidently with limited means. The amount allowed as damages is not a profit nor an advantage. It is fixed at what is deemed to be reasonable under the circumstances.
After considering the evidence carefully, we fix the amount of damages at $2000.
It is therefore adjudged and decreed that the verdict and judgment of the court a qua be amended, reducing the amount from $15,000 to $2000, and that as amended the judgment be affirmed without intei’est, except 5 per cent from date of the amending judgment.